May it please the court. My name is Casey Compton for the board and I would like to first reserve two minutes for rebuttal, please. This case involves the employer Veritas Health Systems' unlawful response to its nurses' decision to select union representation. Before the April 2010 union election, Veritas... in denying a preliminary injunction. That's what this case is about. Yes, Your Honor. So maybe we should talk about that. This case involves the board's appeal of the district court's denial of a preliminary injunction under Section 10J of the National Labor Relations Act, indeed. And the case stems from unfair labor practices that Veritas committed both before and after the union election. Before that election, Veritas threatened and interrogated its employees in an effort to get them to not vote for the union. When that failed, after the election, Veritas then decided to simply ignore the union and, without bargaining with it, begin to strictly enforce its time and attendance policies, among other things. You know, you have a limited time and we really do know the facts. And, you know, trying to make your opponent seem like a bad guy, you know, just doesn't help. We're not a jury here. We're a court. We review under a legal standard. The district court found an absence of irreparable harm, if I remember precisely what the district court has said. And, as you know, if there's not a likelihood of irreparable harm, you don't get a preliminary injunction. That's it. So the question we have to concern ourselves with, to begin with, is the district court clearly wrong in finding an absence of irreparable harm? That's a narrow question we have to decide. If we find it was wrong on that, we still have to apply the other factors. But if we're not persuaded of that, there's no place else to go. So why don't we talk about that in the seven minutes and some seconds that you've got left. Yes, Your Honor. I would submit that contrary to the district court's conclusion, the director did, in fact, establish that likely irreparable harm to employee free choice, the collective bargaining process, and the board's remedial authority will occur absent a preliminary injunction. Now, as this court knows, under Section 10J, irreparable harm can be established in two ways. One, if there's evidence in the record that the harm is already occurring, such as in this case. And two, through legal inferences, judicially recognized by courts, including this one, that irreparable harm inevitably flows from the nature of certain unfair labor practices, including an employer's refusal to bargain with the union, such as what happened here, and employer's discrimination and retaliation against union supporters, such as what happened here. Isn't this continuous litigation? The board hasn't issued a final order yet, has it? Correct. Correct, Your Honor. And that's what we... And isn't that relevant to this issue? Well, we're in fact seeking a preliminary injunction until the board has a chance to issue that final order. Because when an employer commits the unfair labor practices, such as Veritas did here, for instance, making unilateral changes to employees' terms and conditions without bargaining with the union, and discharging Mr. Ron Maxino, one of the main union supporters... Ma'am, I'm again... I think what you need to focus on is, what did the district court suggest were the reasons for its discretionary denial of the injunction? And do they have... Are they illogical? Are they implausible? Are they without support? Because I don't think that you arguing all of the inferences from the record you want to give with your own evidence is going to change the result. The district court, as my colleague has suggested, has wide discretion here. So you've got to focus on, what did the district court do, and why is it so illogical or implausible? Well, first of all, if I may, the district court either missed or disregarded evidence in the record that the harm was continuing. The district court made a finding that employees were afraid of employer retaliation around the time of the election, and that that harm somehow stopped or ended. But, in fact, there's evidence in the record that several months after the union election, employees were still afraid of employer retaliation. So we're weighing the evidence again? Well, no. I think what we need to look at is whether the district court... ...incorrectly viewed the evidence and completely ignored the judicial inferences of harm that stems from these kinds of violations. Now, it's true that the district court did not have the benefit of the recent decisions in Frankel v. HTH and Small v. Avanti. Had the district court had those decisions, I believe it probably would have come to a different result. Because those cases from this court make clear that irreparable harm inevitably flows from these kinds of violations. Are we talking there about the legal error? Are we talking about the actual delay that the district court talked about? Could Your Honor specify... The district court really said the delay here in bringing this to me is not such that I think a preliminary injunction is necessary. And I think that the... And, frankly, given McDermott, the factor of delay is only significant if the harm has occurred and the parties can't be returned to the status quo, or if the board's final order is likely to be as effective as an order for interim relief. So I guess I'm, again, focusing on what the district court did. Because we can talk about all these other factors that you may want to bring up, but let's look at what the district court said was the reason it did not grant the preliminary injunction, and why that's an abuse, or illogical, or implausible. Well, again, I think that the district court found that the harm had already been done, basically. And that conclusion ignores the fact that the harm actually continues and gets worse over time. It does not correct itself. Now, McDermott, in McDermott, delay was a factor, but McDermott is really much different from this case because that involved First Amendment concerns. And, in fact, the court in Frankel specified that, that in a First Amendment case, you have a different standard. We don't have that here. I'm having difficulty understanding you say the court ignored this. How is that different from just saying you disagree with the district court's findings? The district court found that the harm stopped. You just don't agree with that. But, you know, what I find is about half the parties up here before us disagree with the findings of the court below. Yes. I think almost always. So how are you any different? What's so special about you? You know, this court found something. You say it's wrong. And phrasing it as the district court ignored this doesn't make it any different or better for you. Well, I think, again, that the court ignored. The court made a conclusion. The district court made a conclusion that the harm had stopped back in June when, in fact, it hadn't. It had continued. But the question is not whether you agree with it or not. The question is whether that finding, as far as that's a factual finding, is not supported by the record. Would the district court have had to be drunk or crazy to make that finding, given the facts of the record? I think that the district court either missed or ignored that evidence and came to the wrong conclusion. And in addition to the ---- Even though there's no final order of the board? Your Honor, there is an ALJ decision, which this court recently took judicial notice of. Which found, in fact, that Veritas had violated the law in the way that the director had alleged. That's not binding on Judge Anderson, is it? Your Honor, if I may, I think I only have a minute left. Well, but you can answer what he asked. Yes, yes. I mean, that's pretty important. Sure. Sure. If I may finish. The ALJ decision is certainly not ---- I mean, the district court didn't even have the ALJ decision. Right. It was before the decision came down. Sure. Sure. And the purpose of 10J and why we're here is to really preserve the effectiveness of the board's order. Once the board order issues, the injunction goes away. The need for an injunction goes away. But until that board order issues, we need to preserve the status quo. Because otherwise, by the time the parties get back to the bargaining table under a board order, there will be no union support left. Let me ask you a question which I thought was some significant. When did the ---- when did your client complete their investigation of this particular matter? Your Honor, the last unfair labor practice charge in this case ---- When did they complete their investigation? The director issued complaint in February of 2011. When did they file their complaint? That's when it issued. In February of 2011, they issued their administrative complaint. And then we were in court on the 10J injunction in April. So simply two months later. And if I could add, from the time of September to February, Veritas was actually testing the union certification. So it really would have been inappropriate for the director to issue an administrative complaint alleging bad faith bargaining when the board had not ruled on that certification yet. Thank you. Thank you. May it please the Court, Ted Scott for Veritas Chino Valley Medical Center. Also with me at council table is the assistant general counsel for the company, Mary Schottmuller. If I may, I would just like to respond very quickly to Judge Smith's question. And it's in the record. I apologize for not having the page in front of me. But it was September of 2010 when the board, when the regional director, essentially decided that unfair labor practices had been committed. And finally filed the complaint. Approximately, what's that, seven months later? Yeah. Right. The other thing, you know, I think we try to do a pretty good job in our briefs. And I certainly don't want to get up here and recite my brief to the court. Just a couple of points that I would like to make if the court doesn't have any immediate questions for me. You know, what we have here is the board's appeal is premised on an assumption that there are almost irrebuttable presumptions that should have been applied by the district court. What the district court did here was required real evidence to establish irreparable harm. The district court took a look at the evidence that had been submitted, decided that irreparable harm had not been shown. And as Judge Smith correctly noted, and I think Park Village is the case that stands for the proposition that unless that determination by the district court is illogical, implausible, or without support, it stands before this court. And I think that's exactly where we're at in this appeal. I would also note that the Park Village case as discussed in our brief also establishes the standard that irreparable harm cannot be presumed simply from the violation of a statute that authorizes injunctive relief. That's exactly what we have here. That's exactly the quote. However, injury is established if a likely unfair labor practice is shown, along with a present or impending deleterious effect of the likely unfair practice that would likely not be cured by the later relief. That's correct. Is that appropriate here? Well, I think that is. That's the standard that the district court applied here. And the district court found that there was not evidence to show that there would be continuing harm or accelerating harm that would occur if the district court were to issue the preliminary injunction. Thank you. Thank you. The case's argument stands submitted. The next argument in Pacific Pictures. Let's use this record. This is a mundane petition.
judges: Kozinski, O'scannlain, Smith